C O P Y

Honorable Patrick D. Moreland, Member
Texas Unemployment Compensation Commission
Austin, Texas

                              Opinion No. O-3248
                              Re:  Is Luther Livingston Mays
                                   at the present time a
                                   resident of the State of
                                   Texas, and has he been a
                                   bona fide citizen thereof
                                   for at least five conse-
                                   cutive years immediately
                                   preceding this date.

Dear Sir:

        We have your request for an opinion of this depart-
ment as to whether Luther Livingston Mays is a bona fide
citizen of Texas and has been a bona fide citizen of Texas for
at least five consecutive years preceding March 6, 1941. Your
letter of request recites the following facts:

        "It is stated that Mr. Mays, who has lived
at Waco, Texas, since 1938, where he is an
assistant professor of psychology in Baylor
University, was born January 21, 1906, at Houston,
Texas. Mr. Mays' mother and father were both born
in Texas, she in Austin and he in Round Rock. Mr.
Mays' father is and has been a missionary station-
ed in Cuba, Mexico and various of the Caribbean
and South American countries. In his childhood,
Mr. Mays accompanied his parents to their station
in Cuba on at least one occasion. Mr. Mays' father
and mother are descendants of an old-line Texas
family which dates to the days of the Texas Republic.
As stated, his father has spent most of his life as
a missionary in the foreign countries mentioned.
The family, however, is traditionally Texan.

        "Mr. Mays was sent to the University of Tennessee
in 1924, taking his B. A. degree therefrom in 1928.

In furtherance of his education, he immediately
entered the University of Chicago, where he attended
until 1930, receiving his M. A. degree therefrom.
He next attended the University of Illinois, at
Urbana, where in 1937 he received his Ph. D. degree
During his attendance at the last-mentioned Univer-
sity, he was the holder of a teaching fellowship,
and was a laboratory assistant.

"Having thus prepared himself for the field
of teaching, Mr. Mays accepted the assistant pro-
fessorship of psychology at Baylor University
which was mentioned above, in the year 1936.

"As an opportunity presented itself during
the period of his education, Mr. Mays returned to
Texas to be with his family. Upon the occasion
of a vacation or a leave of absence, such trips
were made. Then when he received his Ph. D.
degree, he accepted the professorship at Baylor
University, returning to Texas, where he has been
since that time."

We are also furnished with a short letter from Mr.
Mays to Dr. Joseph Yarborough, reading as follows:

"As to my citizenship, I am glad to state
that my parents were native Texans, that I was
born in Texas, and that although I have resided
temporarily in other states, I have not per-
manently settled there. I have always intended
to make Texas my permanent home as is evidenced
by my present citizenship in Waco."

The request indicates that your question arises be-
cause of the requirement of Article 5221b, Vernon's Annotated
Civil Statutes, Section 8 (f). This Section provides:

"No person shall ever be employed by the
Unemployment Compensation Commission who is not
at the time of his employment a bona fide citizen
of the State of Texas or who will not have been a
bona fide citizen of the State of Texas for at
least five (5) consecutive years immediately next
preceding the date of employment."

The term "citizen", like "resident" and "domicile", is not always capable of precise definition, but may in different circumstances be used in different senses. The facts disclose that Mr. Mays left the State of Texas in 1924 and from that time to 1938 was in school in various institutions of higher learning over the United States. So far as our information goes, he did not accept employment in a commercial sense, but was engaged in the pursuit of higher education preparatory to a teaching career.

The following rule is set out in 19 Corpus Juris, 407, page 19, concerning the absence from one's home or domicile:

"If a person leaves his home or domicile for a temporary purpose with an intention to return, there is no change of domicile."

This rule is further substantiated by the case of Sabriego, et ux vs. White, 30 Tex. 585, in which the court made the following statement:

"No length of absence from one's domicile when one's purpose is to return to it operates as a change of domicile."

In 19 Corpus Juris 406, this line of reasoning is supported by the following statement:

"The original domicile is not changed even by a long absence if there is any intention of returning."

That a man does not necessarily lose his citizenship by moving to another state is shown by the opinion of the court in 74 Tex. Sup. Ct. Rep., 579, which reads:

"One having acquired domicile does not lose it without removal from it with intent to return, and the same rule is true as to abandonment of a homestead once acquired.

"The burden of proof in either case rests upon the person asserting the affirmative of the proposition."

In the case of Lumkin v. Nicholson, 30 S. W. 568, writ of error denied, it was held that there was some evidence that the object of removal from the state was to obtain better educational facilities for the children, that the widow had not entirely given up the intention of returning to Texas, and that the deceased had stated his intention of reserving his home there as a "nest-egg" for his family, the court here held that the Plaintiff had not abandoned the home. A person's legal residence or domicile is governed to a large extent by his intention.

The information furnished us contained no statement of overt act of Mr. Mays' tending to establish a change of his domicile since the time he departed to attend the University of Tennessee. His letter states that he resided temporarily in other states; did not permanently settle there, but always intended to make Texas his permanent home. We are further advised that Mr. Mays' parents and grandparents are native Texans and that he has always intended making Texas his permanent home. This is supported by the fact that he returned to Texas upon obtaining his Doctor's degree, and has since that time engaged in the teaching profession at Baylor University.

It is true that you have little evidence of the intention of Mr. Mays during his absence from the State other than his occasional return to the State on visits and his stated intention of returning to Texas upon completion of his education.

We think that the provision requiring citizenship in Texas for a period of five consecutive years preceding the date of employment by the Commission was interposed for the purpose of preserving the employment by the Commission to Texans. Obviously, they sought to prevent the employment of transient workers in the administration of the Texas Unemployment Compensation plan.

In opinion No. O-1438 addressed to Honorable O. J. F. Ellingson under date of December 18, 1939, this department advised the inquirer that if the person inquired about had at all times retained an intention of returning to Texas as his place of residence that he had maintained a legal residence in the state of Texas for a period of two years prior to that time even though the man had left Texas some fifteen years ago.

We are further advised by you orally that the parents of Mr. Livingston never moved their legal residence from Texas, but retained their citizenship in Texas. This precludes any contention that the legal residence was changed during the minority of Mr. Mays.

Again, we have purely a fact question in the present situation, but considering the intention of the Legislature in the passage of this Section of the Unemployment Compensation Act and the intention of Mr. Mays as stated to you, we think they would support a finding that he has been a citizen of Texas for five consecutive years preceding the date of your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

by S. Morris Hodges
Assistant

MH:LH

APPROVED MARCH 13, 1941

By  S. GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY S.
BWB, CHAIRMAN

OK
GRL